IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&O SUPPLY, INC. § | |
|     Plaintiff § | |
| § | |
| VS. § | CASE NO. 4:19-cv-00153 |
| § | |
| BRANDON PITRE, TOBI JOHNSON, § | |
| WILLIAM TERRY, and WILLIAM FULLER § | |
|     Defendants. § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff W&O Supply, Inc. ("Plaintiff" or "W&O") files this Response to Defendants Brandon Pitre ("Pitre"), Tobi Johnson ("Johnson"), William Terry ("Terry"), and William Fuller's ("Fuller") (collectively "Defendants") Motion for Sanctions [Doc. 40] as follows:

## I.
## INTRODUCTION

1. Defendants' Motion for Sanctions, filed on the eve of the Court's hearing on Plaintiff's Motion for Preliminary Injunction, is designed to do one thing: distract from the ultimate fact that Defendants admittedly and clearly violated their covenants not to compete. Sanctions against Plaintiff and Plaintiff's counsel are unwarranted, as Plaintiff has complied with the Court's Orders, has been forthcoming with Defendants and the Court regarding its actions and positions, and sought the Court's input on a matter of genuine and reasonable dispute. Further, Defendants' conclusory assertion that they have been harmed has no factual basis and is actually unsupported by the facts.

2. Defendants failed to confer with Plaintiff regarding its Motion, as required by Southern District of Texas Local Rule 7.1 and this Court's procedures. Defendants were aware of these issues for more than two weeks prior to filing their motion for sanctions and never

contended Plaintiff's behavior was sanctionable even though they sought withdrawal of their consent to the motion for protective order. As evidenced by the relief sought in Defendants' motion, Defendants hope to avoid the Court's injunction hearing by throwing accusations of "unclean hands" at Plaintiff. Because Defendants' accusations are not supported by the evidence or Defendants' own actions and pleadings, Defendants' Motion should be denied in its entirety.

## II.
## NATURE AND STAGE OF PROCEEDING

3. Defendants are former employees of Plaintiff. Defendants resigned their employment with Plaintiff to start a new company – which had been formed months earlier – which competes directly with Plaintiff, in contravention of their Non Compete Agreements.

4. Plaintiff filed its Original Complaint and Request for Preliminary Injunction on January 15, 2019, asserting a claim for breach of contract, an alternative plea for reformation, and an application for preliminary injunction [Doc. 1]. On February 4, 2019, following a telephonic hearing, the Court ordered expedited discovery to be completed by March 5, 2019, and denied Plaintiff's request for temporary injunction without prejudice pending same [Doc. 11]. On March 4, 2019, following completion of the discovery ordered by the Court, Plaintiff renewed its Motion for Preliminary Injunction and Motion for Evidentiary Hearing [Doc. 35]. On March 5, 2019, the Court set a hearing on Plaintiff's Motion for Preliminary Injunction for March 13, 2019 [Doc. 38].

## III.
## STATEMENT OF ISSUES

5. Defendants seek sanctions against Plaintiff and Plaintiff's counsel based solely on the production of Defendants' "Attorneys Eyes Only" documents to Plaintiff's in-house counsel of record for a short, two-week period of time *prior* to the Court's Order clarifying this issue.

The sanctions sought by Defendants are not supported by the evidence, and Plaintiff respectfully asks the Court to deny Defendants' motion in its entirety.

## IV.
## BACKGROUND FACTS

6.     Pursuant to the Court's February 4, 2019, Order, expedited discovery was scheduled to take place through March 5, 2019. [Doc. 11]. The parties were required to exchange document requests and deponent designations on or before February 11, 2019. *Id*. The Order further required production of documents forty-eight (48) hours prior to the scheduled depositions. *Id*. In accordance with the Order, on February 11, 2019, Plaintiff noticed the depositions of Defendants Pitre and Terry, along with subpoenas duces tecum, for Wednesday, February 20, 2019, at 9:00 a.m. **Exhibit A**. Based on same, Defendants' documents should have been produced no later than Monday, February 18, 2019, at 9:00 a.m.

7.     Based on the Court's Order, Defendants were aware as of February 4, 2019, that document production relevant to their use of Plaintiff's confidential information and violation of their covenants not to compete (the basis of Plaintiff's Original Complaint and Request for Preliminary Injunction [Doc. 1] and Plaintiff's Motion for Preliminary Injunction, Motion for Evidentiary Hearing, and Motion for Expedited Discovery [Doc. 7]) would be required. Defendants were aware as of February 11, 2019, of Plaintiff's specific document requests. Nevertheless, Defendants waited until February 17, 2019, less than 24 hours before their production was due, to advise Plaintiff that they would require a protective order before producing documents. **Exhibit B**. Faced with either delaying the discovery needed to protect Plaintiff's business and confidential information in a timely manner or working to remedy Defendants' self-created delay, Plaintiff provided Defendants with a proposed protective order. **Exhibit B**. Defendants created another delay on Monday, February 18, 2019, when they

3

demanded a protective order with two designations, "Confidential" as well as "Attorneys' Eyes Only." **Exhibit B**. Defendants did not complete their document production to Plaintiff until the evening of February 18, 2019, and as such, violated the Court's February 4, 2019, Order.

8. Despite Defendants' violation of the Order, rather than involve the Court, Plaintiff continued to work with Defendants on an Agreed Protective Order. To expedite Defendants' late production, Plaintiff's counsel agreed to hold "Attorneys' Eyes Only" documents within the firm until the Agreed Protective Order was finalized. **Exhibit C.** The next day, on February 19, 2019, Plaintiff and Defendants finalized and submitted the Agreed Protective Order [Doc. 22] to the Court for entry. The Agreed Protective Order provided that materials designated as "Attorneys' Eyes Only" were limited to the Court, counsel of record for the parties, and expert witnesses [Doc. 22 at ¶8]. The Agreed Protective Order further provided that it was "an agreement between and among the Parties signing it" and "[b]y submission of this Order to the Court, the Parties hereby agree that up until the time the Court enters the Order, each will be voluntarily bound by the terms contained herein" [Doc. 22 at ¶20].

9. The same day – in fact, *less than 5 minutes* after the Agreed Protective Order was filed – Mr. Magnus Rayos filed his notice of appearance with the Court [Doc. 23]. As counsel of record for Plaintiff, according to the express terms of the Agreed Protective Order [Doc. 22] *agreed to by Defendants*, Mr. Rayos was entitled to review Defendants' "Attorneys' Eyes Only" document production. Following the parties' agreement to the Agreed Protective Order and Mr. Rayos' notice of appearance, Mr. Rayos received a link to Defendants' document production. **Exhibit D**. Mr. Rayos did not receive Defendants' document production until *after* the parties agreed to the Agreed Protective Order and *after* he appeared as counsel of record. *Id*.

4

Furthermore, although Mr. Rayos downloaded Defendants' "Attorneys' Eyes Only" documents, he did not actually review them. *Id.*

10. Defendants clearly understood that Mr. Rayos had been provided with their production, including the Defendants' "Attorneys' Eyes Only" documents. A few hours after Mr. Rayos appeared in the suit, at 9:02 pm, Defendants' attorney demanded to know if "Attorneys' Eyes Only" documents had been produced to Mr. Rayos. **Exhibit E.** They followed up again the next morning at 8:01 am. **Exhibit E.** Far from "concealing" such production from Defendants, less than an hour later, Plaintiff's counsel responded that Mr. Rayos was entitled to review such documents since he was counsel of record. **Exhibit E.** Plaintiff also objected to Defendants' "Attorneys' Eyes Only" designation, as allowed under the Agreed Protective Order.[1] **Exhibit F.** Defendants then objected to Mr. Rayos being provided with the "Attorneys' Eyes Only" document production and moved to withdraw their consent to the motion for protective order [Doc. 24]. Thus, it is undisputed that Defendants were on notice that Mr. Rayos was in possession of "Attorneys' Eyes Only" documents for over two weeks prior to filing their motion for sanctions.

11. Consistent with Defendants' notice, Defendants filed their Opposition and Withdrawal of Joinder to the Joint Motion to Enter Agreed Protective Order ("Defendants' Opposition") on February 20, 2019 [Doc. 24], and Plaintiff responded to same, setting forth its reasoning that the Agreed Protective Order should be enforced as written [Doc. 29]. Plaintiff in no way concealed or misrepresented the operative facts to the Court: it plainly took the position that Mr. Rayos was entitled to review the "Attorneys' Eyes Only" documents and sought the Court's guidance on the parameters of handling confidential information. *Id.* Further,

---

[1] The substantive issues regarding Defendants' designation of materials as "Attorneys' Eyes Only" are more fully discussed in Plaintiff's Objections to Defendants' "Attorneys' Eyes Only" Designation and Motion for Ruling, which is being filed contemporaneously with this Motion.

Defendants acknowledged in their Opposition that Mr. Rayos had been provided with the documents [Doc. 24].

12. On March 5, 2019, the Court granted entry of the Amended Protective Order, but ordered that the "Attorneys' Eyes Only" documents not be disclosed to Plaintiff's employees, including in-house counsel [Docs. 36 and 37]. Based on the Court's March 5, 2019, Order, Plaintiff immediately directed Mr. Rayos to delete the "Attorneys' Eyes Only" documents previously provided to him under the Agreed Protective Order. **Exhibit D**. As the only in-house counsel of record for Plaintiff, Mr. Rayos was the only in-house individual who received Defendants' document production. *Id*. Mr. Rayos maintained the confidentiality of such documents, and destroyed the documents upon receiving the Court's March 5, 2019, Order. *Id*. Further, even during the time Mr. Rayos had possession of Defendants' "Attorneys' Eyes Only" documents, he did not actually review them. *Id*. Finally, Mr. Rayos is not involved with the sales operations of Plaintiff, and has no input or involvement with Plaintiff's pricing, sales quotes, or customer sales interactions. *Id*. Plaintiff likewise confirmed to Defendants that Mr. Rayos had been the only person employed by Plaintiff or its affiliates in possession of Defendants' "Attorneys' Eyes Only" documents pursuant to the Agreed Protective Order, and that he had destroyed all copies. **Exhibit G**.

## V.
## ARGUMENT & AUTHORITIES

13. Defendants' Motions for Sanctions is unfounded, and a blatant attempt to "poison the well" before the Court's hearing on Plaintiff's Motion for Preliminary Injunction, as evidenced by the fact that Defendants failed to comply with their conference obligations regarding the motion. As detailed above, Plaintiff complied with the Court's Orders and the Agreed Protective Order. Plaintiff was forthcoming with the Court and Defendants regarding

Mr. Rayos and its position that Mr. Rayos was entitled to review Defendants' "Attorneys' Eyes Only" production. The Court has already addressed this issue via its March 5, 2019, Orders [Docs. 36 and 37]. The Court simply ruled differently than the position which Plaintiff advanced. This is not grounds for sanctions; it is the judicial process. Plaintiff does not contest the Court's authority, either inherent or via the Rules of Civil Procedure, to impose sanctions. Rather, sanctions are wholly unwarranted in this matter.

### A. Defendants' Motion should be denied or stricken because Defendants failed to confer with Plaintiff regarding their Motion for Sanctions.

14. Pursuant to the Southern District of Texas' Local Rules, except for motions brought under Rule 12(b), (c), (e) or (f) and 56 of the Federal Rules of Civil Procedure, opposed motions shall "contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion." L.R. 7.1. Similarly, this Court's procedures provide that the Court follows the written motion practice outlined in the Local Rules, and further that: "Every non-dispositive motion must contain a certificate of conference and a proposed order granting the relief requested. Failure to comply may result in the party's pleading being denied or stricken." Judge Kenneth M. Hoyt's Court Procedures at VI(A) and (D).

15. Defendants filed their Motion on March 8, 2019, following the Court's setting of a hearing on Plaintiff's Motion for Preliminary Injunction. Defendants failed to confer with Plaintiff regarding this Motion, as required by this District and this Court. If Defendants had conferred with Plaintiff, they would have learned that Plaintiff has complied with the Court's Orders. Therefore, Plaintiff respectfully requests that Defendants' motion be stricken or denied.

**B.   Defendants' Motion should be denied because Plaintiff complied with the Court's discovery Orders.**

16.   Defendants' Motion seeks sanctions for Plaintiff's alleged violation of the Court's discovery Orders, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. However, the facts and evidence establish that Plaintiff **complied** with the Court's Orders. Therefore, there is no basis for sanctions under Rule 37(b), and Defendants' Motion should be denied.

17.   The Court entered its first Order on February 4, 2019, providing for the terms of expedited discovery, including depositions and document production, and the timing for those to occur [Doc. 11]. Plaintiff complied with the Court's February 4, 2019, Order; Defendants did not.

18.   Plaintiff provided documents to Mr. Rayos pursuant to the terms of the February 19, 2019, Agreed Protective Order. Following that, Defendants withdrew their consent to the Agreed Protective Order. The Court entered its second Order on March 5, 2019, holding that the "Attorneys' Eyes Only" production should not be disclosed to Plaintiff's or its affiliates' in-house counsel [Doc. 36]. Following receipt of the Court's March 5, 2019, Order, Plaintiff immediately advised Mr. Rayos to delete the "Attorneys' Eyes Only" production he received prior to the Court's March 5, 2019, Order. **Exhibit D**. Mr. Rayos confirmed that he deleted the documents and had not disseminated the documents to any other individual. *Id*. Plaintiff confirmed this to Defendants as well. **Exhibit G.** As Plaintiff has complied with the Court's Orders, there is no basis to impose sanctions.

**C.   Defendants' Motion should be denied because Plaintiff has not engaged in the purported misconduct, and Defendants' allegations regarding same are contrary to its own actions and pleadings.**

19.   Defendants' Motion includes various allegations about Plaintiff's alleged "misrepresentations" and "concealment," yet Defendants cannot identify one. Plaintiff's

8

production of documents to Mr. Rayos, subsequent to the filing of the Agreed Protective Order and Mr. Rayos' appearance as counsel of record, were in compliance with the Agreed Protective Order. Further, Plaintiff's production of documents to Mr. Rayos occurred prior to Plaintiff's withdrawal of consent to the Agreed Protective Order and prior to the Court's March 5, 2019, Order. Rather than misrepresent or conceal, Plaintiff specifically and repeatedly advised Defendants of its position that Mr. Rayos, as counsel of record, was entitled to view the "Attorneys' Eyes Only" documents under the terms of the Agreed Protective Order, and that it had therefore complied with the Agreed Protective Order. **Exhibit E**.

20. As set forth in Defendants' Opposition [Doc. 24], Defendants recognized that Mr. Rayos had been provided with the disputed documents, and therefore moved forward with its opposition. Defendants' claim now that Plaintiff "misrepresented" providing Mr. Rayos with the documents is contrary to their own briefing. Likewise, Defendants' claim that they were prevented from seeking court protection for their documents by Plaintiff's "concealment" is baffling, since that is precisely what Defendants did in their Opposition [Doc. 24].

21. Moreover, immediately following the Court's March 5, 2019, Order, Plaintiff directed Mr. Rayos to delete the "Attorneys' Eyes Only" documents he had been provided prior to the Order, as well as confirmed to Defendants that such deletion had been completed, and that no other employee of Plaintiff or Plaintiff's affiliates was in possession of the documents. **Exhibit D, Exhibit G.** Plaintiff did not conceal or misrepresent its actions, and Defendants knew this, since their own actions and pleadings evidence an understanding consistent with same. Therefore, Defendants' Motion should be denied.

**D.     Defendants' Motion should be denied because Plaintiff has not been harmed.**

22.     Defendants have failed to show any harm, or even posit how they may have been harmed, from the fact that Mr. Rayos' had the "Attorneys' Eyes Only" documents in his possession for a short, two-week period of time. Defendants make only a conclusory statement that "the damage to Defendants is likely irreparable." Defendants' assertion is unsupported by the facts. Mr. Rayos is employed as in-house counsel for an indirect parent company of Plaintiff. **Exhibit D**. He is not involved in the day-to-day operations of Plaintiff, has no involvement in Plaintiff's sales, price quotes, or customer interactions regarding sales. *Id*. In fact, Mr. Rayos did not even review Defendants' "Attorneys' Eyes Only" documents, and is not aware of the information contained in the documents. *Id*. Mr. Rayos did not disseminate Defendants' "Attorneys' Eyes Only" documents or the information contained within them to any other person. *Id*. Mr. Rayos is not in a position where he could have made use of the documents or information other than to provide legal assistance in this matter, and has not provided the documents or information to any other person. *Id*.

23.     Furthermore, as set forth more fully in Plaintiff's Objections to Defendants' Designation of "Attorneys' Eyes Only" Documents, Defendants' designation of documents as "Attorneys' Eyes Only" is overly broad. Defendants' "Attorneys' Eyes Only" documents are primarily those that relate to price quotes or invoices, and Defendants claim it is the disclosure of their "written pricing information" that has allegedly caused them harm. However, this is not the type of information that should be considered "Attorneys' Eyes Only." As evidenced by Defendants' production of some of ***Plaintiff's*** own price quotes, it is not unusual for customers to send a quote received from one vendor to another vendor in the hopes of obtaining a better

price. Therefore, while the documents may be Confidential, they do not rise to the level of information requiring "Attorneys' Eyes Only" protection.

24. Because Defendants can show no harm from Mr. Rayos' short possession of the "Attorneys' Eyes Only" documents, Defendants' Motion should be denied. In actuality, Mr. Rayos is not even aware of the information contained in Defendants' "Attorneys' Eyes Only" documents, as he did not review them. **Exhibit D**. Mr. Rayos has provided a sworn Declaration that he did not disseminate Defendants' "Attorneys' Eyes Only" documents or information to any other person, and destroyed the documents following the Court's March 5, 2019, Order. *Id*. Moreover, Mr. Rayos is an officer of the Court. To the extent the Court believes it necessary, it may ask Mr. Rayos to confirm these facts at the March 13, 2019, injunction hearing.

    **E.**    **Defendants' Motion should be denied because the parties' disagreement regarding the parameters of the Agreed Protective Order, and Plaintiff's counsel's actions were reasonable.**

25. Defendants' request for personal sanctions on Plaintiff's counsel pursuant to 28 U.S.C. §1927 is unwarranted and harassing. Plaintiff and Defendants had a genuine disagreement about the appropriate parameters for confidential information in this case. Defendants' contention that Plaintiff's counsel "unreasonably and vexatiously" multiplied the proceedings in this case by briefing a hotly contested issue is disingenuous, particularly in light of the present Motion. Defendants, as the party resisting discovery, bore the burden of establishing the need for their requested restriction on "Attorneys' Eyes Only" documents. Plaintiff did not agree that Defendants' had met their burden or that such a stringent restriction was necessary, based on applicable case law. The parties presented their respective positions to the Court, the Court ruled, and Plaintiff's counsel ensured that Plaintiff complied with the

Court's Order. Nothing about this constitutes a multiplication of the proceedings, let alone in an unreasonable or vexatious manner, and Defendants' Motion should be denied.

## VI.
## CONCLUSION AND PRAYER

26. Defendants' Motion for Sanctions is unfounded and harassing. Plaintiff and Plaintiff's counsel have complied with the Court's discovery Orders, been forthcoming with Defendants and the Court, and sought the Court's guidance on a reasonable and hotly contested discovery issue. Furthermore, Defendants have not shown any harm resulting from the temporary production of documents to Mr. Rayos, and the evidence establishes that Defendants have not been harmed. The true aim of Defendants' Motion is to divert attention from the facts of their own misconduct on the eve of the Court's injunction hearing.

27. For all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Sanctions be denied in its entirety, that the Court's hearing on Plaintiff's Request for Preliminary Injunction proceed on March 13, 2019, as scheduled, and for such other relief at law or equity to which Plaintiff shows it is entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By   */s/ James M. Cleary, Jr.*
　　　James M. Cleary, Jr.
　　　State Bar No. 00783838
　　　*cleary@mdjwlaw.com*
　　　808 Travis, 20th Floor
　　　Houston, Texas 77002
　　　Telephone: (713) 632-1700
　　　Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, W&O SUPPLY, INC.**

OF COUNSEL

W. Jackson Wisdom
State Bar No. 21804025
*wisdom@mdjwlaw.com*
Sylvia Ngo
State Bar No. 24067100
*ngo@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Magnus Lucas Romero Rayos
Federal I.D No. 567479
State Bar No. 24051232
840 Gessner Road, Suite 950
Houston, Texas 77024-4593
Telephone:  (713) 365-2554
*magnus.rayos@*pon.com

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of foregoing document has been forwarded *via* ECF, on this the 12th day of March, 2019:

| | |
|---|---|
| Christopher L. Johnson<br>Johnson & Associates<br>Attorneys at Law, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573 | *Via Email: chris@johnson-attorneys.com* |

                                        */s/ James M. Cleary, Jr.*
                                          James M. Cleary, Jr.