UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&O SUPPLY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-00153 |
| | § | |
| BRANDON PITRE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the plaintiff's, W & O Supply, Inc., (W&O") renewed motion for a preliminary injunction against the defendants, Brandon Pitre, William Terry, Toby Johnson, and William Fuller ("defendants"). Also, before the Court, is the defendants' motion to dismiss. The Court convened a hearing, received testimonial and documentary evidence and directed the parties to file amended findings of fact and conclusions of law. Having received the parties' filings, the Court disposes of the issues raised hereinafter.

**I.**

To a substantial degree, the underlying facts that form the bases for W&O's suit are undisputed by the defendants. At various times prior to their resignations/terminations in October 2018, the defendants were employed by W&O in various, respective, capacities as branch manager, outside salesman, warehouse manager and inside salesman. At the commencement of their

employment and/or at a time after being employed, each of the defendants executed a Non-Compete Agreement ("Agreement") with W&O agreeing in relevant part to the following:

- Employee agrees that, during the term of this employment and in the event of termination (voluntary or involuntary) he/she will not attempt to divert any existing or possible future business of Employer, or assist in any such competition within one hundred (100) miles of any W&O Supply branch operation existing at time of termination of employment.

- Employee agrees that he/she will not at any time directly or indirectly, either during or after termination of employment, make use of or disclose to any person, group or organization, any information and/or details including, but not limited to the names or addresses of any employees or customers of Employer, the details or provisions of any written or oral contract or understanding between Employer and any materials, manuals, forms, techniques, methods, or procedures of Employer used by or made available to Employee in the course of his/her employment.

- Employee further agrees that, immediately upon termination of employment, and prior to final compensation, and/or upon request by Employer at any time, he/she will return to Employer any and all materials … belonging to or relating to the business of Employer.

## II.

In spite of agreeing to these terms, the defendants formed a competing business shortly after they were separated from W&O. The defendants do not dispute that before they separated from W&O, they made plans to start a company and, after their departures, solicited sales from many of the customers that W&O calls its "customers". It also appears that the defendants do not challenge the following proffers of W&O:

- "As a member of the senior management team, Pitre physically met with the W&O executive team one to two times a year for strategy and planning meetings which granted him access to company-wide plans, including original equipment manufacturer (OEM) relationships and pricing levels";

- "Johnson managed the backend operations of W&O's Houston office, from warehousing, logistics, and distribution. She was a senior inside sales person prior to the operations role and in that role, had intimate knowledge of supplier cost information, customer pricing and contract pricing" ;

- "Fuller had regular communications with W&O customers and learned and knew their needs, cost sensitivity, and purchase history" ;

- "Terry also had regular communications with W&O customers and learned and knew their needs, cost sensitivity, and purchase history", and;

- "Defendants were granted access to W&O's confidential information, such as the details or provisions of any written or oral contract or understanding between W&O and customers, and any materials, manuals, forms, techniques, methods, or procedures of W&O. Defendants also had access to W&O's Salesforce customer relationship system, which lists all of W&O's customer contacts and point person within the customer, as well as specific notes from

customer visits and discussion points. Additionally, Defendants had access to and knowledge of W&O's cost of materials, and thus, W&O's product margins".

### III.

The defendants contend that the Agreements are unenforceable because they do not contain temporal limitations and, further, do not contain a restriction prohibiting the defendants from soliciting W&O customers. Moreover, the defendants' assert that W&O has acknowledged that the Agreements are unenforceable and, as proof, W&O has developed new Non-Compete Agreement forms for its employers.

W&O admits that the defendants did not remove W&O's confidential information from W&O offices when they departed. And, W&O admits that its products manufacturers and customer information are not confidential and were not contacted by the defendants' prior to their termination. Nevertheless, W&O asserts that the defendants had access to its confidential and proprietary information during the course of their employment. For example, they had access to Salesforce, W&O customer relationship management software system, along with P21, a program containing product cost and margin information.

Additionally, W&O asserts that the defendants were permitted to entertain customers and be reimbursed for expenses, had use of W&O's cell phones to communicate with W&O's customers, and are currently selling to at least 14 of

W&O's 43 key customers. Finally, W&O asserts that it has suffered a loss of sales to the defendants.

**IV.**

The defendants moved to dismiss W&O's complaint and request for a preliminary injunction on the basis that W&O has failed to state a justiciable cause of action under state law in that the non-compete clause does not meet the strictures of the Federal Rules of Civil Procedure, Rule 12(b)(6) [DEs 12 and 39]. In this regard, the defendants assert that W&O has not and cannot plead and prove facts that "support enforceability of the Non-Compete Agreements under Texas law." In support of this assertion, the defendants point to the Texas Covenants Not to Compete Act – Tex. Bus. & Com. Code §§1505(a) and (c) and 15.50(a), 15.51(c)

**V.**

In order for a covenant not to compete to be enforceable, it must to "ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to *time*, *geographical area* and *scope of activity* to be restrained that are reasonable . . . necessary to protect the goodwill . . ." of the company. Tex. Bus. & Com. Code § 15.50(a).

The Agreements admitted into evidence do not contain temporal agreements as required by law and are, therefore, unenforceable under state law. *See Id.*; *Hunn*

*v. Dan Wilson Homes, Inc.,* 789 F.3d 573, 584 (5th Cir. 2015)(citing *Marsha USA Inc., v. Cook*, 354 S.W. 3d 764, 768 (Tex. 2011). As a result, W&O's evidence fails to meet the necessary legal and factual strictures to comply with state law. Tex. Bus. Comm. Code § 15.50(a). Failing, for example, to prove that the Agreement has a time limitation renders the Agreement unenforceable. *Central State Logistics, Inc. v. BOC Trucking, LLC,* 2018 WL 5662669 *5 (Tex. App.—Houston [1st Dist.] 2018). Therefore, W&O's suit fails unless the Agreement can be saved by reformation.

W&O asserts that the Agreement should be reformed to the extent necessary to comply with § 15.50(a) – [Tex. Bus. & Com. Code § 15.51(c)] – that the Agreement is otherwise enforceable. The Court disagrees. It is the Court's view that it is empowered only to reform existing terms. Where the Agreement lacks a critical term, such as a time limitation, placing a time limitation in the Agreement is to rewrite the Agreement. The Agreement lacks an unenforceable provision that the Court can revise; therefore, reformation is impermissible. *John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 85 (Tex. App.—Houston [14th Dist] 1996, writ denied, *See Lasik Plus of Texas, P.C. v. Mattioli*, 418 S.W.3d 210, 220 (Tex. App.—Houston [14th Dist.] 2013).

In light of this discussion and analysis, the Court concludes that the Agreement is unenforceable. Also, W&O cannot establish that the defendants did

any act that violates a term or condition of the Agreement. *See* Fed. R. Civ. Pro., Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

It is the Court's opinion that, in light of the defective terms of the Agreement, W&O's pleading cannot and do not support a justiciable claim. The

fact pleaded do not permit the Court to infer more than a mere possibility that a claim exists. *Ashcroft*, 556 U.S. at 679. Therefore, the Court grants the defendants' motion to dismiss.

It is so Ordered.

SIGNED on this 10th day of April, 2019.

                                                      Kenneth M. Hoyt
                                                    United States District Judge